UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

2:14-cv-242-FtM-38DNF

HOSPITALISTS MANAGEMENT
GROUP, LLC,

    Plaintiff,

vs.

FLORIDA MEDICAL AFFILIATES, INC.,
KHALID SABHA AND ANNE RONCO,

    Defendants.

_____/

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

Plaintiff, Hospitalists Management Group, LLC, files this memorandum in support of its Motion for Expedited Discovery. Plaintiff seeks preliminary injunctive relief against Defendants to prevent the irreparable harm that would result from Defendants' actual and continued misuse of Plaintiff's confidential business information and from Ronco's actual and continued breach of the Employee Proprietary Information and Inventions Agreement ("EPII Agreement") she entered into with Cogent Healthcare, Inc., who assigned it to Plaintiff. Immediate enforcement of the EPII Agreement is necessary to protect Plaintiff from further unfair competition.

Plaintiff seeks to engage in the expedited discovery in time for the hearing on Plaintiff's Motion for a Preliminary Injunction. As set forth in the Complaint and the preliminary injunction papers, Plaintiff has suffered and will continue to suffer

irreparable damage from Defendants ongoing misuse of Plaintiff's confidential business records. Ronco's continued employment with Florida Medical Affiliates, Inc. ("FMA"), a direct competitor of Plaintiff, will only serve to perpetuate the misuse of confidential information and further damage Plaintiff's reputation and good will. Plaintiff needs to depose the Defendants (including two individuals employed by FMA during the relevant period) to prove the extent of the conduct alleged in the Complaint that Defendant seeks to enjoin, and to discover the full extent to which Defendants' current misconduct is currently harming Plaintiff. This information is within Defendants' possession, custody and control or within the control of third parties that will be identified in discovery.

Expedited discovery would facilitate the management of the action, conserve the resources of the parties and the Court, and move the case toward an earlier disposition without prejudice to the Defendants.

I. **Background**

In August 2010, Ronco was hired as an Administrative Coordinator, and as a condition of her employment, she signed an EPII Agreement.[1] The EPII Agreement prohibits Ronco from disclosing confidential information and working for a competitor including FMA for a period of one year following her employment with Plaintiff.

During her employment, Plaintiff received two (2) promotions. On February 17, 2014, Ronco accepted a promotion to the position of Program Manager. By virtue of this promotion, Ronco gained access to contracts with both physicians and hospitals for which Sabha directly competes with Plaintiff. Throughout her employment, she had

---

[1] Due to a merger agreement between Cogent Healthcare, Inc. and Plaintiff, Defendant Ronco's employer became Plaintiff in 2012.

access to other confidential information of Plaintiff including, but not limited to, letters from primary care physicians with whom Cogent has business relationships, recruiting strategy and physician candidates, business information and strategy, and performance data of Plaintiff.

Plaintiff learned from Stacy Hermina, a former employee of FMA that Ronco while still working for Plaintiff, disclosed confidential information about Plaintiff to Sabha in violation of the EPII Agreement and Florida law. When Ronco resigned her employment with Plaintiff effective March 28, 2014, she apparently went to work for FMA and/or Sabha, which violates the EPII Agreement. Plaintiff notified Sabha and FMA of Ronco's obligations under the EPII Agreement, but upon information and belief, both Sabha and FMA continue to interfere with the contractual relationship between Ronco and Plaintiff and with the actual and prospective business relationships of Plaintiff. Plaintiff has reason to believe that Sabha and FMA used and plan to continue using the confidential information to gain an unfair advantage over Plaintiff and to permanently damage Plaintiff's economic position.

II. **Law and Analysis**

Rule 26(d) of the Federal Rules of Civil Procedure provides that a party to a civil action may not seek discovery before the parties have conferred as required by Rule 26(f), except in certain limited categories of cases exempted from the initial disclosure rules "or when authorized by [Court] order." The Court has "broad discretion in managing pretrial discovery matters." *Klay v. All Defendants*, 425 F.3d 977, 982 (11th Cir. 2005) (quoting *Perez v. Miami-Dade Co.*, 297 F.3d 1255, 1263 (11th Cir. 2002)).

Rule 26(d)'s prohibition on discovery prior to a case management conference is tempered by the wide discretion given to the Court to adjust the timing requirements. Rule 26(d) itself, as well as Rules 30(a), 33(a), 34(b), and 36, provide mechanisms for the Court to authorize discovery prior to the 26(f) case management conference.

An order authorizing expedited discovery is appropriate "upon a showing of good cause." *Nassau Terminals, Inc. v. M/V Bering Sea*, No. 99-104-CIV-J-20C, 1999 U.S. Dist. LEXIS 23782, 1999 WL 1293476 (M.D. Fla. July 1, 1999); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 209 F.R.D. 273, 276 (N.D. Cal. 2002). In *St. Jude Medical S.C., Inc. v. Biosense Sebster Inc.*, 2013 U.S. Dist. LEXIS 53071 at *4-5 (M.D. Fla. April 12, 2013), the Court explained the good cause standard as follows:

> Factors courts consider in deciding whether a party has shown good cause include: (1) whether a motion for preliminary injunction is pending; (2) the breadth of the requested discovery; (3) the reason(s) for requesting expedited discovery; (4) the burden on the opponent to comply with the request for discovery; and (5) how far in advance of the typical discovery process the request is made.

(citing *Disability Rights Council of Greater Wash. v. Wash. Metro. Area Transit Authority*, 234 F.R.D. 4, 6 (D.D.C. 2006)).

Plaintiff meets all of the good cause factors described above. Plaintiff has requested only the information it needs for the preliminary injunction hearing. Plaintiff seeks only to depose the Defendants and their employees with information regarding the disclosure of the confidential information. The burden on Defendants to respond to the discovery Plaintiff seeks is *de minimis*. All documents and information should be readily accessible by Defendants. Plaintiff is willing to provide Defendants with 48-hours'

notice before scheduling the depositions. Furthermore, Plaintiff will limit the depositions to matters at issue in the Motion for Preliminary Injunction.

Plaintiff is not seeking expedited discovery for the purpose of establishing monetary damages it has incurred as a result of the bad acts of Defendants. Instead, Plaintiff simply seeks to recover the confidential information that Ronco has provided to Sabha and FMA, a direct competitor of Plaintiff and to prepare adequately for the hearing on Motion for Preliminary Injunction.

Dated this 9th day of May, 2014.

Respectfully submitted,

*s/ Marissa D. Kelley*
Marissa D. Kelley
Florida Bar No. 379300
Co-Counsel for Plaintiff
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
200 East Las Olas Boulevard, Suite 2100
Fort Lauderdale, Florida 33301
Telephone: (954) 462-9500
Facsimile: (954) 462-9567
mkelley@stearnsweaver.com

Leslie Goff Sanders
*Pending Admission Pro Hac Vice*
Tennessee Bar No. 18973
Kentucky Bar No. 86863
Lead Counsel for Plaintiff
**WEBB SANDERS PLLC**
2784 HWY 31W
White House, Tennessee 37188
Telephone: (615) 581-0804
Facsimile: (615) 581-0805
lsanders@webbsanderslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of May, 2014, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system. I further certify that the foregoing document and the notice of electronic filing are being served this day to the following non-CM/ECF participants via Federal Express Overnight Delivery.

Florida Medical Affiliates, Inc.
c/o Robert Bader
1500 E. Hillsboro Blvd #204
Deerfield Beach, FL 33441

Khalid Sabha
8971 Daniel Center Drive
Unit 307
Fort Myers, FL 33912

Anne Ronco
3810 Little Creek Drive
Fort Myers, FL 33905

                                            *s/ Marissa D. Kelley*
                                            Marissa D. Kelley

#3493419 v2

6