UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

HOSPITALISTS MANAGEMENT
GROUP, LLC,

      Plaintiff,

v.                                                Case No:  2:14-cv-242-FtM-38DNF

FLORIDA MEDICAL AFFILIATES,
INC., KHALID SABHA and ANNE
RONCO,

      Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Motion for Expedited Discovery (Doc. 11) and Memorandum in Support (Doc. 12) filed on May 9, 2014. A hearing was held on June 5, 2014, at 10:30 a.m. Both Parties were in attendance either telephonically or in person. Although the Defendant did not respond in writing to the Motion for Expedited Discovery and the time to do so has lapsed, the Court allowed the Defendant to make argument. This matter is now ripe for review.

### Background

Defendant Anne Ronco worked for Cogent Healthcare, Inc., a company that is a part of Plaintiff Hospitalists Management Group, LLC. While working for Cogent, Ronco entered into an Employee Proprietary Information and Inventions Agreement ("EPII Agreement").

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

(See Doc. 6-1). This agreement prohibited Ronco from disclosing confidential information to a competitor and working for a competitor one year after Ronco's job terminated with Cogent. Despite, this agreement Ronco resigned from her position with Cogent to work for one of its competitors, Florida Medical Affiliates, Inc. In response to Ronco's career transition, Hospitalists believes Ronco has violated the EPII Agreement by disclosing Cogent's confidential business information and by working for a competitor. Accordingly, Hospitalists has brought this action and a Motion for Preliminary Injunction. (Doc. 6; Doc. 8). A hearing on the Motion for Preliminary Injunction is currently scheduled to take place on June 25, 2014. To prepare for the hearing, Hospitalists seeks expedited discovery.

## Standard

Discovery is normally barred prior to the Rule 26(f) conference. Platinum Mfg. Intern., Inc. v. UniNet Imaging, Inc., No. 8:08-cv-310-T-27MAP, 2008 WL 927558 *1 (M.D. Fla. Apr. 4, 2008) (citing Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order.")). A court may allow discovery before the Rule 26(f) conference upon a showing of "good cause." In order to obtain expedited discovery, the burden is on the moving party to show good cause for departing from the usual discovery procedures.  Platinum Mfg. Intern., 2008 WL 927558 at *1 (citing Nassau Terminals, Inc. v. M/V Bering Sea, No. 99-104-CIV-J-20C, 1999 WL 1293476 (M.D. Fla. July 1,1999)).

In determining whether to allow discovery before the Rule 26(f) conference, some courts require movants to make a showing similar to that required for a preliminary injunction. Platinum Mfg. Intern., 2008 WL 927558 at *1 n. 3.  Some courts have found that expedited discovery is appropriate when a movant demonstrates "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will

result without the expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." Id. (citing Notaro v. Koch, 95 F.R.D. 403, 405 (S.D. N.Y. 1982)).

### Discussion

Plaintiff seeks leave to (1) depose the individual defendants and employees during the relevant time period of Defendant Florida Medical Affiliates, Inc.; (2) serve limited requests for production of documents upon Defendants to obtain documents, including e-mails, in Defendants' possession that (a) constitute or contain Plaintiffs' proprietary information and (b) evidence Defendant Ronco's relationship and communication with other Defendants; (3) order Defendants to respond to the written discovery requests within five days of the date on which such requests are served; and (4) require Defendants to answer the Complaint within five days of service. Plaintiff asserts this information is needed in anticipation of a preliminary injunction hearing, it will suffer irreparable damage from Defendants' use of its proprietary information, and information related to its claims are within Defendants' possession and control. Plaintiff states it will limit the depositions to matters at issue in the motion for preliminary injunction. Moreover, Plaintiff is not seeking expedited discovery for the purpose of establishing monetary damages that it has incurred as a result of Defendants' actions. Plaintiff also asserts expedited discovery would facilitate the management of the action, conserve the resources of the Parties and the Court, and move the case toward an earlier disposition without prejudice to Defendants.

Upon review and consideration, the Court finds the motion is due to be granted. Plaintiff has identified the nature of the discovery sought and narrowly tailored the discovery to the preliminary injunction motion. In addition, at the hearing the Parties stipulated to the expedited discovery and the terms of the expedited discovery. Moreover, Defendants have now filed an answer to the Amended Complaint. (Doc. 27). The Court finds granting the

request also supports judicial efficiency. Therefore, the Court finds there is good cause to grant the Motion for Expedited Discovery.

Accordingly, it is now

**ORDERED:**

1. Motion for Expedited Discovery ([Doc. 11](Doc. 11)) is **GRANTED**.

2. Plaintiff may depose Dr. Khalid Sabha, Anne Ronco, and Stacy Hermina.

3. Defendant may depose a Florida Medical Affiliates, Inc. corporate representative.

4. The depositions are limited to two (2) hours each and are limited in scope to the issues raised in the Motion for Preliminary Injunction ([Doc. 8](Doc. 8)).

5. The Parties are limited to ten (10) written interrogatories requests for each side. Each Party shall respond to the written interrogatories within five (5) days after being served with them.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of June, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record